IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No.: 0:12-374-JFA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ANTWAIN GUANTERIO PRICE | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court pursuant to the defendant's motion to dismiss (ECF No. 39) the indictment pending against him. For the reasons discussed below, the motion is denied.

The defendant is charged in a one count indictment with failing to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), a violation of 18 U.S.C. § 2250(a). A sex offender is someone who has been convicted of a sex offense. A sex offense is "a criminal offense that has an element involving a sexual act or a sexual contact with another." 42 U.S.C. § 16911(5)(a).

Defendant pleaded no contest to a charge of Assault and Battery of a High and Aggravated Nature (ABHAN) in the court of General Sessions in York County, South Carolina on July 15, 2010. ABHAN is "the unlawful act of violent injury accompanied by circumstances of aggravation." *State v. Whitten*, 375 S.C. 43, 649 S.E.2d 505, 507 (Ct. App. 2007). Circumstances of Aggravation include "taking indecent liberties or familiarities with a female." *Id.* Though state law indicates that a wide range of conduct may constitute taking indecent liberties with a female, *compare State v. Drafts*, 288 S.C.

30, 340 S.E.2d 784 (1986) (offensive touching) *with State v. Green*, 327 S.C. 581, 491 S.E.2d 263 (1997) (sexual battery), the definition of a sexual offense under SORNA encompasses all conduct constituting indecent liberties. An ABHAN conviction, however, may also rest on circumstances of aggravation that do would not constitute a sexual offense under SORNA. *See Whitten*, 375 S.C. at 46, 649 S.E.2d at 507 (listing other factors that include the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, and resistance to lawful authority).

Defendant contends that he is not a sex offender as defined under SORNA and argues that the record does not show that he was convicted under a charging document of an offense containing a sexual act or sexual conduct with another as an element of the offense. Defendant argues that the government relies on allegations of sexual conduct because the transcript of the plea indicates that there was no explanation given to him of the elements of the crime or the underlying facts. Defendant also argues that state law is unclear whether ABHAN is, in fact, a lesser included offense of Second Degree Criminal Sexual Conduct (CSC) with a minor. (Though the indictment includes the charge of First Degree CSC, defendant notes that the conduct alleged in the indictment would have constituted Second Degree CSC). Defendant concludes that the Circuit Judge's statement that ABHAN was a lesser included of the charge of CSC with a minor was incorrect in this case, and should not form the basis for a finding by this court that the defendant was convicted of a crime that constitutes a sex offense. Defendant concludes that the only

legal fact established at the hearing was that he pleaded no contest to ABHAN with an unspecified circumstance of aggravation.

The government argues that the ABHAN plea in this case is a lesser included offense of criminal sexual conduct with a minor, the charged offense. The government also argues that the plea clearly contemplated indecent liberties with a female as the circumstance of aggravation. The government points to the prosecutor's recitation of the facts and the requirement that the defendant register under the state registry as a sex offender.

The court finds that the record is sufficient to indicate that the defendant was convicted of a sex offense as defined by SORNA. The record shows that defendant was convicted of ABHAN, and that the circumstance of aggravation constituted indecent liberties with a female. The record shows that the defendant understood the charges against him—sexual battery with a twelve year old victim. As part of plea, the defendant was required to register on the state sex offender registry. After the defendant indicated that he wished to plead no contest, the prosecutor recounted the facts of the offense: defendant forced his twelve year old step daughter to perform oral sex on him. Defendant affirmatively answered that he knew those facts would be presented to the jury if he went to trial, but chose to plead no contest. The court finds ample evidence to indicate that the ABHAN plea in this case rested on indecent liberties with a female as the aggravating circumstance, and therefore constituted a sex offense.

Though the law is not entirely settled in the area, it appears clear that ABHAN is a lesser included charge of First Degree CSC with a minor. *State v. Murphy*, 322 S.C. 321,

325, 471 S.E.2d 739, 741 (Ct. App. 1996) (citing *State v. Frazier*, 302 S.C. 500, 397 S.E.2d 93 (1990); *State v. Mathis*, 287 S.C. 589, 340 S.E.2d 538 (1986)) ("ABHAN is a lesser included offense of criminal sexual conduct in the first degree"). The South Carolina Supreme Court affirmed this position in *State v. Primus*, 349 S.C. 576, 564 S.E.2d 103 (2002). Each of these cases examined CSC in the first degree, and defendant contends that it does not follow that ABHAN is a lesser included charge of CSC second degree. The defendant, however, has not directed the court to any authorities on this point. In the absence of any direction from the state courts on this issue, the court will follow the prior cases—and the conclusion of the trial judge at the state plea—and find that ABHAN is a lesser included offense of the charged CSC in this case.

Finally, a noncategorical approach may be used to determine whether a specified offense against a minor constitutes a sex offense under SORNA. *See U.S. v. Dodge*, 597 F.3d 1347, 1354 (11th Cir. 2010) (holding that SORNA permits examination of defendant's underlying conduct, and not just elements of the conviction statute, in determining what constitutes a "specified offense against a minor"); *see also U.S. v. Mi Kyung Byun*, 539 F.3d 982, 992 (9th Cir. 2008) (holding that under SORNA, a non-categorical approach as to the age of the victim is to be used in determining whether a particular conviction is for a "specified offense against a minor"). Following that approach, the court may look at the facts dictated by the prosecutor at the plea. Those facts clearly constitute a sex offense as defined by SORNA.

For all the reasons discussed above, the court finds that the ABHAN conviction in this case constitutes a sex offense under SORNA, and the motion to dismiss (ECF No. 39) is therefore denied.

IT IS SO ORDERED.

August 2, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge